**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

ISAIAS GEOVANNY AREVALO LLUMIGUANO, and
DIEGO ARMANDO AGUALONGO AREVALO,

Petitioners,

v.

MARKWAYNE MULLIN, in his official capacity as
Secretary of the Department of Homeland Security;
TODD LYONS, in his official capacity as Acting Director
of the Department of Immigrations and Customs
Enforcement;
KELEI WALKER, in her official capacity as ICE Field
Office Director;
BRENDEN MORROW, in his official capacity as the
warden of the Uinta County Jail;
TODD BLANCHE, in his official capacity as the United
States Attorney General;
THE EXECUTIVE OFFICE FOR IMMIGRATION
REVIEW; and
U.S. DEPARTMENT OF IMMIGRATION AND
CUSTOMS ENFORCEMENT,

Respondents.

Case No. 26-CV-174-SWS

---

**ORDER GRANTING PETITIONER AREVALO'S PETITION FOR WRIT OF
HABEAS CORPUS**

---

On May 29, 2026, Petitioners Isaias Geovanny Arevalo Llumiguano and Diego Armando Agualongo Arevalo filed a Verified Petition for Habeas Corpus under 28 U.S.C. § 2241. (ECF 1.) In compliance with the Court's order (ECF 5), Federal Respondents submitted a response asserting that Petitioner Llumiguano was removed from the United States on June 11, 2026, but Petitioner Arevalo remains in immigration detention. (ECF 9.) Petitioners replied. (ECF 13.) This Order applies solely to Petitioner Diego Armando Agualongo Arevalo.

This case presents the now well-trodden issue of a noncitizen's detention by U.S. Immigration and Customs Enforcement (ICE) under 8 U.S.C. § 1225(b), which includes no right to a bond hearing, versus 8 U.S.C. § 1226(a), which guarantees an individualized bond hearing. Petitioner Arevalo contends his detention is pursuant to § 1226(a) while the Federal Respondents argue he is being held under § 1225(b). Having considered the parties' arguments, reviewed the record herein, and being otherwise fully advised, the Court concludes Petitioner Arevalo is due an individualized bond hearing under 8 U.S.C. § 1226(a).

## BACKGROUND

Petitioner Arevalo entered the United States without inspection on April 30, 2024. (ECF 1 p. 2.) He is a native and citizen of Ecuador. (*Id.*) He was arrested by ICE on May 27, 2025. (*Id.*) He is charged with being present in the United States without having been admitted or paroled. (*Id.*) He applied for asylum on April 30, 2025, which remained pending when this petition was filed. (*Id.*) At the time he filed this petition, and perhaps still, Petitioner Arevalo was being detained at the Uinta County Detention Center in Wyoming. (*Id.*)

On May 29, 2026, Petitioner Arevalo filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF 1.) He relies on 8 U.S.C. § 1226(a) in arguing Respondents have erroneously deprived him of a bond hearing. (*Id.* pp. 2-3.) He asks the Court to order Respondents to hold an immediate bond hearing. (*Id.* p. 11.) Federal Respondents contend Petitioner Arevalo is detained under 8 U.S.C. § 1225(b)(2), which does not give him any right to a bond hearing, but Federal Respondents concede this Court has previously ruled against Federal Respondents on this issue. (ECF 9 p. 2.)

## DISCUSSION

The primary federal habeas corpus statute, 28 U.S.C. § 2241, confers subject-matter

jurisdiction upon the district courts (among other courts) to consider prisoners' claims of illegal detention. *See* 28 U.S.C. § 2241(a), (c)(1), (c)(3); *Rasul v. Bush*, 542 U.S. 466, 483-84 (2004), *judgment entered*, No. 04A41, 2004 WL 7372970 (U.S. July 16, 2004); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The Court finds Petitioner Arevalo is detained under § 1226(a) based on the same reasoning this Court already set forth in *Gelashvili v. ICE, et al.*, Case No. 26-CV-42-SWS ECF 16 (D. Wyo. Feb. 2, 2026), and *Serrato v. ICE, et al.*, Case No. 25-CV-245-SWS ECF 23 (D. Wyo. Nov. 18, 2025). The Court quotes from *Serrato* to briefly summarize the applicable reasoning:

> [A]s a plethora of federal district court cases have recently pointed out, and as supported by U.S. Supreme Court dicta, the INA statutes were written and arranged so that § 1225 primarily applied to noncitizens who were encountered at or near their entry into the United States (whether lawful or unlawful), while § 1226 primarily applied to noncitizens who were already within the interior of the United States, often, like Mr. Serrato, for long periods of time. *See, e.g. Nielsen v. Preap*, 586 U.S. 392, 396-97 (2019) (stating that § 1226(a) "applies to most such aliens" who are "present in the country" but removable); *Jennings [v. Rodrigez]*, 583 U.S. [281,] 289 [(2018)] (§ 1226(a) and (c) "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings"); *Alvarez Orliz v. Freden*, — F. Supp. 3d —, 2025 WL 3085032, at *1 (W.D.N.Y. Nov. 4, 2025) ("8 U.S.C. § 1225, covering noncitizens when they arrive at the border or when they enter illegally and are caught very close to the border, and 8 U.S.C. § 1226, covering noncitizens who successfully have entered the United States—whether legally or illegally"). For decades, the Government's relevant agencies operated under and enforced this statutory scheme. *See Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 61 Fed. Reg. 10312, 10323 (Mar. 6, 1997) ("Despite being applicants for admission, aliens who are present without having been admitted or paroled ... will be eligible for bond and bond redetermination."). As noted earlier, the Court understands the United States Department of Homeland Security, supported by the Board of Immigration Appeals, has recently changed its decades-long approach, but neither Respondents here nor the decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA Sep. 5, 2025), persuade this Court that the prior understanding and application of the statutory scheme was erroneous or broken. "The Court joins the many other courts nationwide who have declined to accept Respondents' novel new interpretation of decades-old law." *Hernandez v. Ballazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643, at *7 (D. Colo. Oct. 24, 2025) (collecting cases).

*Serrato*, ECF 23 at pp. 10-11.

The Court understands there is a split of circuit court authority on this issue, with the Second, Sixth, and Eleventh Circuits having held similar to this Court, while the Fifth and Eighth Circuits have accepted the Government's new interpretation of the immigration statutes. The Tenth Circuit has not weighed in on the matter, but "decisions in other districts within this circuit adopting federal respondents' position have been appealed to the Tenth Circuit," and those appeals are currently pending. (ECF 9 p. 2.) Nonetheless, Federal Respondents do not offer any new analysis in this case (*see* ECF 9), and the Court does not find any convincing reason to deviate from its prior rulings on this question.

## CONCLUSION AND ORDER

The Court concludes 8 U.S.C. § 1226(a) better applies to Petitioner Arevalo's detention, and it guarantees him an individualized bond hearing, which he has not received. To correct this due process deficiency, the Court will order that Petitioner Arevalo receive a timely bond hearing, whereupon it will be his burden to show he does not pose a danger and is not a flight risk. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021) ("To secure release, the alien must show that he does not pose a danger to the community and that he is likely to appear for future proceedings.") (citing 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8) (2020); *In re Adeniji*, 22 I. & N. Dec. 1102, 1113 (BIA 1999)).

**IT IS THEREFORE ORDERED** that Diego Armando Agualongo Arevalo's Petition for Writ of Habeas Corpus (ECF 1) is **GRANTED**. Federal Respondents shall provide an individualized bond hearing under 8 U.S.C. § 1226(a) to Mr. Arevalo **within seven (7) calendar days** of the date of this Order.

**IT IS FURTHER ORDERED** that if Federal Respondents fail to provide Mr. Arevalo

with an individualized bond hearing under § 1226(a) within seven (7) calendar days of this Order, Federal Respondents shall immediately release Mr. Arevalo from detention upon his posting of a $1,500 bond. *See* 8 U.S.C. § 1226(a)(2).

**IT IS FINALLY ORDERED** that Federal Respondents shall file a status report **within seven (7) days** of the bond hearing that certifies compliance with this Order. The status report shall identify whether the individualized bond hearing occurred, whether release on bond was granted or denied, and the reasons for any such denial.

ORDERED: June 16th, 2026.

Scott W. Skavdahl
United States District Judge