

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

---

ISAIAS GEOVANNY AREVALO LLUMIGUANO, and
DIEGO ARMANDO AGUALONGO AREVALO,

Petitioners,

v.

MARKWAYNE MULLIN, in his official capacity as
Secretary of the Department of Homeland Security;
TODD LYONS, in his official capacity as Acting Director
of the Department of Immigrations and Customs
Enforcement;
KELEI WALKER, in her official capacity as ICE Field
Office Director;
BRENDEN MORROW, in his official capacity as the
warden of the Uinta County Jail;
TODD BLANCHE, in his official capacity as the United
States Attorney General;
THE EXECUTIVE OFFICE FOR IMMIGRATION
REVIEW; and
U.S. DEPARTMENT OF IMMIGRATION AND
CUSTOMS ENFORCEMENT,

Respondents.

Case No. 26-CV-174-SWS

---

## ORDER DENYING PETITIONER LLUMIGUANO'S MOTION FOR RECONSIDERATION

---

### BACKGROUND

On May 29, 2026, Petitioners Isaias Geovanny Arevalo Llumiguano and Diego Armando Agualongo Arevalo filed a Verified Petition for Habeas Corpus under 28 U.S.C. § 2241. (ECF 1.) Petitioner Noncitizens alleged they had been detained by U.S. Immigration and Customs Enforcement (ICE) within the interior of the United States more than a year after they had unlawfully entered the country without being admitted or paroled, but they had been denied an

individualized bond hearing to determine whether they could be released pending immigration removal proceedings. (ECF 1.) The petition expressly presented the lone issue of whether Petitioners had been detained under 8 U.S.C. § 1225(b), which includes no right to a bond hearing, or 8 U.S.C. § 1226(a), which guarantees an individualized bond hearing. (*See* ECF 1 pp. 2-5, 7-11.) The Court preliminarily screened the petition under Rule 4 of the Rules Governing Section 2254 Cases and determined Respondents should respond to the petition. (ECF 5.)

Federal Respondents submitted a response asserting that Petitioner Llumiguano had been removed from the United States on June 11, 2026, but Petitioner Arevalo remained in immigration detention. (ECF 9.) Petitioners replied. (ECF 13.)

The Court granted the petition as to Petitioner Arevalo, ordering Federal Respondents to provide him an individualized bond hearing under 8 U.S.C. § 1226(a) within seven days. (ECF 14.) Federal Respondents filed a subsequent status report that confirmed the ordered bond hearing had been provided to Petitioner Arevalo. (ECF 23.)

The Court dismissed the petition as to Petitioner Llumiguano for lack of jurisdiction based on mootness because the Court could not grant any effectual relief on the issue presented in the petition. (ECF 15.) That is, Petitioner Llumiguano's removal from the United States meant he could no longer benefit from a bond hearing pending his removal proceedings. (*See id.* pp. 3-5.)

Petitioner Llumiguano then filed the instant motion for reconsideration, contending the Court's mootness determination was erroneous. (ECF 16.) Federal Respondents opposed reconsideration (ECF 24), and Petitioner Llumiguano replied (ECF 25). The Court finds the motion for reconsideration unavailing, will not alter the dismissal of the petition for mootness as to Petitioner Llumiguano, and will enter final judgment in this matter.

## STANDARD OF ADJUDICATION FOR MOTION FOR RECONSIDERATION

Petitioner Llumiguano cites Federal Rules of Civil Procedure 59(e), 60(b)(1), and 60(b)(6) as authority for his reconsideration request. (ECF 16 pp. 2-4.) While judgment in this case had not been entered (pending Federal Respondents' confirmation that it had complied with the Court's order to provide Petitioner Arevalo a timely bond hearing), it is clear that Petitioner Llumiguano seeks to appeal the order dispositive of his habeas corpus petition. The motion for reconsideration was filed within 28 days of the dismissal order, and therefore the Court will treat the reconsideration request as a motion under Federal Rule of Civil Procedure 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (stating that a motion to reconsider should be construed as a Rule 59(e) motion when it is filed within the time limit set forth under Rule 59(e)).

Under Rule 59(e), grounds warranting reconsideration of the challenged order "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Thus, "Rule 59(e) motions may be granted when 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Alpenglow*, 894 F.3d at 1203 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

## DISCUSSION

"Mootness is a threshold issue because the existence of a live case or controversy is a

constitutional prerequisite to federal court jurisdiction" under Article III of the U.S. Constitution. *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "If, during the pendency of the case, circumstances change such that the plaintiff's legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Kansas Jud. Rev. v. Stout*, 562 F.3d 1240, 1245 (10th Cir. 2009). The petition becomes moot if the Court cannot grant "any effectual relief" on the matter. *United States v. Hahn*, 359 F.3d 1315, 1323 (10th Cir. 2004) (en banc) (quoting *Smith v. Plati*, 258 F.3d 1167, 1179 (10th Cir. 2001)).

Petitioner Llumiguano's petition for habeas corpus relief is moot because he can no longer benefit from the relief requested in his petition. The petition requested the Court "[d]eclare Petitioners' detention without a possibility of bond unlawful" and order the "a bond hearing immediately." (ECF 1 p. 11.) As the Court already said in its order of dismissal, the Tenth Circuit has found mootness in a similar situation:

> Ferry's challenge to the legality of his detention without an opportunity for bond or a bond hearing is moot. Ferry's administrative removal order has been executed, and thus, Ferry is no longer in the custody of the DHS to benefit from a bond determination or release. *See, e.g., Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir.2002); *Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir.1988).

*Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006). The Tenth Circuit "decline[d] to issue an advisory opinion regarding Ferry's entitlement to a bond hearing because a declaratory judgment on that question would have no meaningful effect on the DHS's future conduct towards Ferry." *Id.*

In his reply in support of reconsideration, Petitioner Llumiguano attempted to distinguish *Ferry* from his case by noting Ferry's removal followed a final administrative order while Respondents have not shown the same here. (ECF 25 pp. 3-4.) It is an immaterial distinction. The Tenth Circuit did not suggest mootness depended upon whether removal followed a final

administrative order. *See Ferry*, 457 F.3d at 1132. Moreover, this Court's mootness determination did not assume or decide Petitioner Llumiguano's removal followed a final administrative order. (*See* ECF 15.) Even assuming arguendo that his removal was not pursuant to a final administrative order, it does not change the fact that his removal resulted in the Court's inability to grant his request that Respondents provide him a bond hearing pending his removal proceedings. There are no remaining collateral consequences arising from his lack of a bond hearing pending removal proceedings. *Cf. Mendoza v. Jeffers*, 62 F. App'x 866, 868 (10th Cir. 2003) (§ 2241 habeas corpus petition did not become moot despite Mendoza's removal because petition challenged his criminal conviction, and there were "collateral consequences arising out of Mendoza's conviction" including his deportation).

Petitioner Llumiguano asserts, "To the extent the Court's mootness determination was predicated upon the assumption that Respondents lawfully removed Petitioner pursuant to a valid and executable order of removal, reconsideration is necessary to correct clear legal error and prevent manifest injustice" (ECF 16 p. 2), and "the Court treated Petitioner's removal as though it had been executed pursuant to a valid final order ..." (*id.* p. 3). The Court has never assumed nor decided whether Petitioner Llumiguano was lawfully removed pursuant to a valid removal order. (*See* ECF 15.) Whether Petitioner Llumiguano was lawfully removed pursuant to a valid final order played no role in the Court's mootness determination. Only that he was removed and its effect on his habeas corpus request for a bond hearing were examined. (*See id.*)

> But mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.

*Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

In determining mootness, "[t]he crucial question is whether granting a present

determination of the issues offered ... will have some effect in the real world." *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) (citation and quotations omitted). Petitioner Llumiguano's habeas corpus petition is moot because determining the issue presented by it would not have any real-world effect and there is no longer a redressable injury arising from his pre-removal detention by ICE without a bond hearing. *See Vazquez Giron v. Gantt*, No. CIV-26-911-SLP, 2026 WL 1652582, at *2 (W.D. Okla. June 8, 2026) (petitioner no longer had a redressable injury arising from his detention by ICE without a bond hearing after he was removed from the United States).

## CONCLUSION AND ORDER

Petitioner Llumiguano has not carried his burden of showing the Court misapprehended the facts, a party's position, or the controlling law necessary to alter or change the order dismissing his habeas corpus petition. The Court finds no basis to substantively change its order of dismissal.

**IT IS THEREFORE ORDERED** that Isaias Geovanny Arevalo Llumiguano's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (ECF 16) is hereby **DENIED**. The Clerk of Court will please enter a corresponding judgment, close this case, and supplement the preliminary record on appeal with this Order and the judgment.

ORDERED: July __13th__, 2026.

Scott W. Skavdahl
United States District Judge